UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD M. GOLDBERG and SHERWIN GEITNER, | )<br>)<br>) |
| Plaintiff, | ) Case No. 16-cv-6130<br>)<br>) Judge Sharon Johnson Coleman |
| v. | )<br>)<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Ronald M. Goldberg and Sherwin Geitner filed a six-count First Amended Complaint against the government, alleging that the government owes them a tax refund and that it wrongfully assessed their tax liability. Defendant United States of America moves to dismiss the First Amended Complaint as to Goldberg only on the grounds that the complaint is barred by the sovereign immunity of the United States, that the Court lacks jurisdiction, and that the complaint fails to state a claim upon which the Court can grant relief under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The government also moves for sanctions related to the First Amended Complaint, and plaintiffs move for leave to file a Second Amended Complaint.

**Background**

The present action stems from alleged wrongfully collected taxes for the 1998 and 2000 tax years. Before the Court is Plaintiffs' First Amended Complaint, which lists six counts: first, that the Internal Revenue Service ("IRS") asserted tax deficiencies after the statute of limitations had lapsed (Counts I and IV); second, that 26 U.S.C. § 7433 permits recovery because the IRS wrongfully assessed their tax liability through fraudulent concealment and intentional misconduct (Counts II and V); and third, in the alternative to the second, that 26 U.S.C. § 7433 permits recovery because

1

the IRS wrongfully assessed their tax liability through fraudulent concealment and negligent misconduct (Counts III and VI). Goldberg and Geitner bring Counts I–III pertaining to tax year 1998, and Goldberg alone asserts Counts IV–VI for tax year 2000. Due to the new evidence that Geitner filed regarding his Form 843 Claim for Refund and Request for Abatement, the government withdrew its motion to dismiss with respect to Geitner's claims, Counts I–III. The Court considers the parties' briefing on Count I–III as it relates to Goldberg only and Counts IV–VI brought by Goldberg alone.

Plaintiffs previously filed a complaint for a refund of their 1994 income tax liabilities pursuant to 26 U.S.C. § 7422 and for damages under 26 U.S.C. § 7433. *See Goldberg v. United States*, 881 F.3d 529 (7th Cir.), cert. denied, 138 S.Ct. 1564, 200 L.Ed.2d 745 (2018) ("*Goldberg I*"). *Goldberg I* involved many of the same factual and legal assertions as alleged in this case. The government moved to dismiss *Goldberg I* for lack of subject matter jurisdiction and failure to state a claim. The district court granted the government's motion to dismiss, and the plaintiffs appealed. Because of the similarity of issues involved, this Court stayed this case pending the resolution of the appeal of *Goldberg I*. The Seventh Circuit affirmed the district court decision dismissing *Goldberg I* in January 2018.

**Legal Standard**

A Rule 12(b)(1) motion seeks dismissal of an action over which a court allegedly lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Before a taxpayer can bring a suit against the government seeking a refund of taxes erroneously or unlawfully assessed or collected, the taxpayer must comply with the Internal Revenue Code, including filing a timely claim for a refund with the IRS. *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4, 128 S.Ct. 1511, 170 L.Ed.2d 392 (2008). "This procedural requirement has long been considered a jurisdictional prerequisite." *Nick's Cigarette City, Inc. v. United States*, 531 F.3d 516, 520 (7th Cir. 2008). Where a party fails to exhaust

their administrative remedies, the district court does not have jurisdiction over the matter. *Greene-Thapedi v. United States*, 549 F.3d 530, 533 (7th Cir. 2008).

When considering a Rule 12(b)(6) motion, the court accepts all of the plaintiff's allegations as true and views them "in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

**Discussion**

The government argues that the Court lacks jurisdiction to hear a claim under 26 U.S.C. § 7422, because Goldberg failed to exhaust his claims with the IRS. Specifically, the government contends that Goldberg failed to file valid administrative claims for refund with the IRS and that Goldberg has not fully paid his tax liabilities for tax years 1998 and 2000. Plaintiffs concede that Goldberg failed to fully pay the assessed liabilities, but nonetheless argue that the Court may exercise supplemental jurisdiction over Goldberg's refund claims because he paid the taxes he self-reported on his 1998 and 2000 tax returns. Further, the government contends that the refund claims are barred by the doctrine of collateral estoppel, as the same issues raised in the First Amended Complaint were litigated and resolved by the Seventh Circuit in the *Goldberg I*. Plaintiffs fail to respond directly regarding collateral estoppel. However, because the government does not fully develop this argument and "collateral estoppel is strictly and sparingly applied in tax cases involving

liability for different years," *Jones v. United States*, 466 F.2d 131, 133 (10th Cir. 1972), this Court does not rely on this initial argument in resolving this motion.

Pursuant to sovereign immunity, the United States may only be sued to the extent that it has consented to suit by statute, and the terms of consent define the jurisdiction of courts to hear such a suit. *See U.S. Dep't of Energy v. Ohio*, 503 U.S. 607, 615, 112 S.Ct. 1627, 118 L.Ed.2d 255 (1992). Taxpayers may not sue the government for tax refunds in federal court, unless the taxpayer has fully paid the assessed tax and filed a timely claim for refund. *Goldberg I*, 881 F.3d at 532; *Univ. of Chicago v. United States*, 547 F.3d 773, 785 (7th Cir. 2008) (citing *Flora v. United States*, 357 U.S. 63, 64–65, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958) ("*Flora I*"), aff'd on reh'g, *Flora v. United States*, 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) ("*Flora II*")). Plaintiffs concede that Goldberg has failed to fully pay the assessed liabilities for 1998 and 2000, but now argues that the Court may exercise supplemental jurisdiction over his refund claims because he paid the taxes he self-reported on his tax returns for those years. This argument fails to establish how the Court has original jurisdiction over Goldberg's claims such that supplemental jurisdiction is appropriate to consider. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related … that they form part of the same case or controversy[.]"). Regardless, "§ 1367(a) cannot be used to waive sovereign immunity unless specifically allowed by Congress." *Palmer v. Comm'r*, 62 F. App'x 682, 685 (7th Cir. 2003).

To satisfy the jurisdictional requirement of paying the full amount assessed, a taxpayer must pay the full "amount the IRS has determined is due, not merely what plaintiff concedes is due." *Rocovich v. United States*, 18 Cl. Ct. 418, 423 (1989), aff'd, 933 F.2d 991 (Fed. Cir. 1991); *see also Intersport Fashions W., Inc. v. United States*, 84 Fed. Cl. 454, 456 (2008); *Flora II*, 362 U.S. at 176. Plaintiffs cite no authority for their argument that Goldberg satisfied this requirement by paying the

4

full tax amount shown on his self-reported taxes returns. This contention runs directly contrary to *Flora II* and authority applying the full payment rule. *Flora II*, 362 U.S. at 176; *see also Shore v. United States*, 9 F.3d 1524, 1524 (Fed. Cir. 1993) (recognizing that full payment rule requires taxpayer to pay full amount of assessed taxes). Because Goldberg has only paid the amount that he reported on his taxes, this Court lacks jurisdiction over Goldberg's refund claims. Similarly, plaintiffs' argument that Geitner's full satisfaction of his assessed taxes establishes jurisdiction for Goldberg's claims also fails because each taxpayer must satisfy the jurisdictional requirements. *Flora II*, 362 U.S. at 177.

Although the Court need not go further, the Court also considers whether Goldberg has filed a timely administrative claim for a refund with the IRS, which is also a jurisdictional prerequisite to a refund suit. *Goulding v. United States*, 929 F.2d 329, 331 (7th Cir. 1991). The government contends that plaintiffs do not sufficiently allege in either the First Amended Complaint or the proposed second amended complaint that Goldberg timely filed a claim prior to the statute of limitations running. Plaintiffs argue that the informal claim doctrine provides an exception for how Goldberg provided notice to the IRS.

The informal claim doctrine allows a taxpayer's claim for a refund to survive where "the taxpayer files some notice fairly advising the Commissioner of the nature of the taxpayer's claim within the limitations period and later makes sure that all formal defects and lack of specificity have been remedied by a fully compliant refund claim." *Goldberg I*, 881 F.3d at 532–33. The informal claim doctrine requires that the taxpayer file a written document with the IRS that apprises the IRS that a refund is sought and provides enough detail that the IRS can commence an examination of the claim, if desired. *Martin v. United States*, 833 F.2d 655, 659 (7th Cir. 1987). Exhibit A to plaintiffs' First Amended Complaint lists a series of documents and states that on December 3, 2001 an "IRA letter to account" was sent, but does not attach the underlying document. (Dkt. 42 at 26.) Without more, this limited information is insufficient to establish that Goldberg provided sufficient

5

detail to give informal notice of his claim to the IRS. *Martin*, 833 F.2d at 659–60 (finding that a 37-page letter to the IRS was insufficient to provide informal notice because it failed to apprise the IRS that a refund was sought or request an examination into the claim).

Similar to *Goldberg I*, even taking at face value plaintiffs' allegation that the IRS had sufficient informal notice to apprise the agency of Goldberg's claim, Goldberg has failed to perfect his claim. *Goldberg I*, 881 F.3d at 533. A taxpayer must perfect an informal administrative claim by filing a formal claim for refund with the IRS before filing suit. *Id.*; *see also Greene-Thapedi*, 549 F.3d at 533. Plaintiffs do not allege any facts that Goldberg perfected his alleged informal claim by subsequently filing a formal claim for refund with the IRS. Plaintiffs' proposed second amended complaint also fails to correct these jurisdictional prerequisite insufficiencies as to Goldberg. Indeed, Goldberg faced the same issues in *Goldberg I*, which resulted in plaintiffs conceding their failure to perfect. *Goldberg I*, 881 F.3d at 533. Because plaintiffs repeatedly have not established that Goldberg satisfied the jurisdictional prerequisites to filing a refund suit, Goldberg's claims are dismissed with prejudice.

Turning to plaintiffs' Counts II and V as to Goldberg and Counts III and VI, respectively, plaintiffs assert that IRS agents wrongfully *assessed* Goldberg's tax liability through fraudulent concealment and intentional misconduct, and in the alternative, that IRS agents wrongfully assessed Goldberg's tax liability through fraudulent concealment and negligent misconduct. The government asserts that these claims are deficient because 26 U.S.C § 7433 applies to the *collection* of taxes, not the *assessment* of taxes. These claims are nearly identical to those that were dismissed in *Goldberg I*.

The Seventh Circuit held that plaintiffs' 26 U.S.C § 7433 damages claims were deficient. *Goldberg I*, 881 F.3d at 533–34. Section 7433(a) provides a damages remedy "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title[.]" 26 U.S.C § 7433(a). In *Goldberg I*, the

6

court noted that "[t]he problem for plaintiffs here is that they do not allege any misconduct related to the tax collection process. Instead, they claim the IRS violated the tax code when assessing their tax liability …" 881 F.3d at 533. Further, the court noted that it "agree[d] with the government and with our colleagues in other circuits that § 7433 allows taxpayers to sue the government for violations of the tax code in the collection process itself but not for alleged violations of law in assessing taxes." *Id.* at 534. Plaintiffs once more allege that the IRS and its agents wrongfully *assessed* Goldberg's tax burden. Accordingly, the Court finds that plaintiffs have failed to state a claim for which relief can be granted as to Goldberg. Because plaintiffs have repeatedly been unsuccessful in correcting this deficiency, Goldberg's claims are dismissed with prejudice.

**Conclusion**

Based on the foregoing, this Court grants the government's amended partial Motion to Dismiss [43] Counts I–III as they relate to Goldberg and Counts IV–VI brought by Goldberg with prejudice. Plaintiffs' Motion for Leave to File a Second Amended Complaint [46] is denied as to Goldberg, and as to Geitner's Counts I–III, the motion is granted. Pursuant to Federal Rule of Civil Procedure 12(e), Geitner must file a revised second amended complaint within 30 days that includes a more definite statement of the refund amount sought and pleads his satisfaction of the jurisdictional requirements set forth in 26 U.S.C. §§ 7422 and 6532. The government's Motion for Sanctions [39] is denied without prejudice, in light of the time that has passed; the government may file an updated motion after reviewing the intervening case history.

IT IS SO ORDERED.

Date: 3/22/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge